UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY EDWIN MILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 15-0581-ABJ |
| DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

On March 15, 2015, plaintiff, a federal prisoner proceeding *pro se*, mailed the instant complaint to this Court, claiming that five components of the Department of Justice ("DOJ") had not responded to his February 10, 2015 request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Compl. at 4-6. The components have since searched for records and notified plaintiff that no responsive records were found. Pending before the Court is Defendants' Motion for Summary Judgment under Fed. R. Civ. P. 56. [Dkt. # 18].

On November 2, 2015, plaintiff was informed by the Court that his opposition to defendants' motion was due by December 14, 2015, and citing *Neal v. Kelly,* 963 F. 2d 453, 456 (D.C. Cir 1992), the order warned of the consequences of a failure to respond [Dkt. # 19]. Plaintiff has neither filed a response nor requested additional time to respond. Since the proffered declarations establish that the components undertook reasonably adequate searches to locate responsive records, the Court will grant summary judgment in favor of the defendants.

**I.  BACKGROUND**

On February 10, 2015, plaintiff mailed identical FOIA requests to the following individuals or entities within DOJ: (1) the Office of Legislative Affairs, (2) the Main FOIA/PA Referral Unit, (3) the FOIA/PA Administrator, (4) the Office of Solicitor General (OSG), and (5) the Bureau of Prisons (BOP).  Compl. ¶ 10 and Attachments. [1]  DOJ "does not have a 'FOIA/PA Administrator,'" Stmt. of Material Facts ("Facts") ¶ 4, and the FOIA/PA Mail Referral Unit properly forwarded the request it received to BOP, *id.* ¶ 6.  *See id.* ¶ 5 (The Mail Referral Unit receives requests that do not "specify which [DOJ] component . . . would have the records that the requester seeks" and directs such requests to the component likely to have responsive records.); *see also* Ex. B to Defendants' Motion, Declaration of Evie Sassok, [Dkt. 18-2], ¶ 2.

Plaintiff requested:

> Hard (paper) copies of all investigations, correspondence, records, reports, notes or files, regardless of the storage medium, regarding: H.R. 3190 and/or Public Law 80-772 between your agency and the Director of the Federal Bureau of Prisons from January 2008 through July 2009.

Facts ¶ 3.  Defendants searched by terms likely to locate responsive records.  *See* Facts ¶¶ 7, 15-18 (Legis. Affairs/Off. of Info. Policy); ¶¶ 19-24 (OSG); ¶¶ 25-31 (BOP).  Thereafter, OIP provided a no-records response to plaintiff on March 19, 2015; BOP provided a no-records response on March 31, 2015; and OSG provided a no-records response on April 8, 2015.

---

[1]  Although the actual requests are dated February 10, 2014, plaintiff alleges in the complaint that he submitted the requests in February 2015, and he has not disputed defendants' assertion based on their receipt of the requests in February 2015 that "2014" is a typographical error.  *See* Defs' Facts ¶ 2.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). An inadequate search may constitute an improper withholding under the FOIA. *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003). So, when no responsive records are located, the agency prevails on summary judgment if it shows that it made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

## III. ANALYSIS

Defendants have satisfied their burden to come forward with evidence establishing that adequate searches were conducted by submitting the declarations of Vanessa R. Brinkman, Senior Counsel in the Department of Justice Office of Information Policy [Dkt. 18-1]; Valerie Hall Yancey, the Executive Officer and Freedom of Information Act Officer of the Office of Solicitor General [Dkt. 18-3]; Kimberly Blow, a Government Information Specialist for the Office of the General Counsel in the FOIA/PA section of the BOP [Dkt. 18-4]; Donna Hill, Executive Assistant

for the Assistant Director of the Information, Policy, and Public Affairs Division of the BOP [Dkt. 18-5]; and Johnna M. Todd, another Government Information Specialist in the BOP FOIA/PA Section. [Dkt. 18-6].[2] Together, these declarants set forth facts sufficient to enable the Court to conclude that the defendants made the necessary good faith effort, and that it was reasonable to expect that the methods utilized would have produced the requested information. Plaintiff has not in any way refuted defendants' declarations, and he has not contested the no-records responses.[3]

---

[2] Defendants have also submitted a declaration of a Senior Advisor to BOP, Thomas R. Kane, who served as the Assistant Director of the Information, Policy and Public Affairs Division of the BOP for over 20 years before he was appointed to serve as the BOP Deputy Director and ultimately, Acting Director. He explains why the one email that may appear to fall within the scope of plaintiff's request was previously determined to be fraudulent, and both the email and the memorandum detailing why it is not genuine were attached to his declaration and therefore, provided to the plaintiff.

[3] Courts must "state on the record the reasons for granting or denying" a motion for summary judgment." Fed. R. Civ. P. 56(a). Under the terms of the Local Rules of this Court, when resolving a motion for summary judgment, "the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." LCvR 7(h). The Court may therefore treat defendants' factual assertions in this case as admitted. *See FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997) ("[I]t was not an abuse of discretion for the district court, pursuant to [the predecessor to Local Rule 7(b) ], to treat the [movant's] motion for summary judgment as conceded."); *see also Skrzypek v. FBI*, No. 10–5430, 2011 WL 2618182 (D.C.Cir. June 21, 2011); *Giraldo v. U.S. Dep't of Justice*, No. 02–5058, 2002 WL 1461787 (D.C. Cir. July 8, 2002). But the Court's ruling on the motion for summary judgment is not predicated solely on the plaintiff's failure to respond; an independent review of the sworn submissions in the record supplies grounds for the conclusion that the searches were adequate.

Accordingly, the Court concludes that the agency has satisfied its FOIA obligations and is entitled to judgment as a matter of law.[4] A separate order accompanies this Memorandum Opinion.

*[signature: Amy B Jackson]*

AMY BERMAN JACKSON
United States District Judge

DATE: August 24, 2016

---

[4] In the second and fourth causes set out in the complaint, plaintiff purports to bring claims under the Administrative Procedure Act ("APA") based on the same conduct underlying the FOIA claim. Since the FOIA provides an adequate remedy for the relief sought, plaintiff's APA claims are dismissed as "barred." *Tereshchuk v. Bureau of Prisons, Dir.*, No. 14-5278, 2015 WL 4072055, at *1 (D.C. Cir. June 29, 2015) (per curiam); *see Ray v. Fed. Bureau of Prisons*, 811 F. Supp. 2d 245, 249 (D.D.C. 2011), *citing Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) ("As a general rule, the FOIA is the exclusive remedy for obtaining improperly withheld agency records.").